UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD J. KOELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00528-SRC |
| | ) | |
| SEEMPLICITY SECURITY INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**<u>Memorandum and Order</u>**

In March 2024, Edward Koeller received two unwanted calls from one of Seemplicity

Security Inc.'s employees.  During those calls, the employee solicited Koeller to purchase

Seemplicity's cybersecurity products.  Koeller then sued Seemplicity, claiming that Seemplicity

violated the Telephone Consumer Protection Act and the Missouri do-not-call list statute when it

called Koeller and others similarly situated.  Now, Seemplicity moves to dismiss Koeller's

claims.  As explained below, the Court denies in part and grants in part Seemplicity's motion.

I.      **Background**

Based on Koeller's first amended complaint, the Court accepts the following

well-pleaded facts as true for purposes of this Memorandum and Order.  Koeller's "telephone

number, (314) 602-XXXX, is a cellular telephone number used for personal residential

purposes," doc. 15 at ¶ 15, and "a non-commercial telephone number not associated with any

business," *id.* at ¶ 14.  Koeller personally listed this number on the national do-not-call list in

August 2007 and listed it on the Missouri do-not-call list in January 2013.  *See id.* at ¶¶ 17–19.

On March 14, 2024, Koeller received two calls from Seemplicity.  *Id.* at ¶ 21.  These calls

came from a phone number that read in part "(314) 333-76XX."  *Id.* at ¶ 22.  The caller ID

display on Koeller's phone identified the first call as "Spam Risk." *Id.* at ¶ 23.  Kevin, an

employee of Seemplicity, made both calls. *Id.* at ¶ 25.

During the first call, Kevin attempted to solicit Koeller to purchase Seemplicity's

cybersecurity products. *Id.* at ¶ 26.  But Koeller was not interested in Seemplicity's services. *Id.*

at ¶ 27.  Koeller told Kevin that he was calling a personal number. *Id.* at ¶ 27.  But Koeller still

received the second call from Seemplicity. *Id.* at ¶ 29.  During the second call, Kevin again

solicited Koeller to purchase Seemplicity's cybersecurity products. *Id.* at ¶¶ 25, 30.  Koeller still

was not interested in Seemplicity's services and informed Kevin that he called a personal

number. *Id.* at ¶ 31.  Koeller then ended the call. *Id.* at ¶ 32.  Koeller has never been a

Seemplicity customer "and has never consented to receiving calls from Seemplicity." *Id.* at ¶ 20.

Koeller and "other individuals who received these telemarking calls and telephone solicitations

calls suffered an invasion of privacy and were harassed by" Seemplicity's conduct. *Id.* at ¶ 33.

## II.    Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for

"failure to state a claim upon which relief can be granted."  The notice pleading standard of

Rule 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this standard and to survive a

Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requirement of

facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The

Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v.*

*Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Ordinarily, the Court considers only the facts alleged in the complaint when ruling on a motion to dismiss; however, the Court may consider materials attached to the complaint in construing the complaint's sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *See Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 562).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678–79.  "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817–18 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal*, 556 U.S. at 679.  Therefore, the Court must determine if the well-pleaded factual allegations "plausibly give rise to an entitlement to relief."  *Id*.  This "context-specific task" requires the Court to "draw on its judicial experience and common sense."  *Id*.  In determining the plausibility of a plaintiff's claim, *Iqbal* and *Twombly* instruct the Court to consider whether "obvious alternative explanations" exist for the allegedly unconstitutional conduct.  *Id.* at 682;

3

*Twombly*, 550 U.S. at 567.  The Court must then determine whether the plaintiff plausibly alleges a violation of the law.  *Iqbal*, 556 U.S. at 682.  The well-pleaded facts must permit more than the "mere possibility of misconduct."  *Id.* at 679.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III.    Discussion

#### A.    Matters outside the pleadings

In support of its motion to dismiss, Seemplicity attached a deposition transcript. Doc. 21-1.  Under Federal Rule of Civil Procedure 12(d), if a party, on a motion under Rule 12(b)(6), presents matters outside the pleadings and the court does not exclude them, the court must treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56.  A court, however, may consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[]' without converting the motion into one for summary judgment."  *See Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

Here, Seemplicity has failed to demonstrate that the Court can consider the deposition transcript without treating its motion as one for summary judgment.  *See* docs. 20–21, 25. Koeller did not attach the deposition transcript to his complaint or incorporate it by reference, and the deposition transcript is not integral to Koeller's claims.  *See* doc. 15.  And Seemplicity has not argued that the deposition transcript falls within any of the other categories of documents the Court may consider when resolving a motion to dismiss.  *See* docs. 20–21, 25.  Thus, the Court must either exclude the deposition transcript from its consideration or treat Seemplicity's

4

motion as one for summary judgment.  Neither party, however, has identified a reason the Court should treat Seemplicity's motion as one for summary judgment, *see* docs. 20–21, 24–25, and the Court has found none.  The Court therefore excludes the deposition transcript, doc. 21-1, from its consideration of Seemplicity's motion to dismiss and declines to treat the motion as one for summary judgment under Rule 56.

### B.      TCPA claim

Koeller raises a TCPA claim alleging that Seemplicity violated 47 C.F.R. § 64.1200(c)(2).  Doc. 15 at ¶¶ 42–47.  In addition to seeking statutory damages for this alleged violation, Koeller asks the Court to treble his statutory damages and issue an injunction.  *Id.* at ¶¶ 46–47.  Seemplicity moves to dismiss the TCPA claim and Koeller's prayer for treble damages and an injunction.  Doc. 21 at 5–12.  Below, the Court considers whether it should dismiss (i) the TCPA claim, (ii) Koeller's prayer for treble damages, and (iii) Koeller's prayer for an injunction.

### i.      TCPA claim

47 U.S.C. § 227(c)(5) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection."  Under section 227(c)(5), Koeller claims that Seemplicity violated section 64.1200(c)(2).  Doc. 15 at ¶¶ 42–47. Section 64.1200(c)(2) states that "[n]o person or entity shall initiate any telephone solicitation to[] . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

Seemplicity argues that the Court should dismiss Koeller's TCPA claim because, when pleading that his cell phone is a residential telephone, Koeller alleges only conclusory statements

that do not constitute factual allegations.  Doc. 21 at 8.[1]  This argument lacks merit.  Koeller

alleges that he uses his cell phone for "personal residential purposes."  Doc. 15 at ¶ 15.  Koeller's

allegation is a factual one and in no way conclusory.  *Clemons v. Bradford O'Neil Agency, LLC*,

No. 4:21-cv-00678-SRC, 2021 WL 6062491, at *4 (E.D. Mo. Dec. 22, 2021) (holding that an

allegation stating that a "cell phone is used for personal and residential purposes" is a

non-conclusory factual allegation).  Further, the Court finds that Koeller sufficiently pleaded that

he received two calls from Seemplicity within a 12-month period even though he had listed his

number on the national do-not-call list.  Doc. 15 at ¶¶ 17, 19, 21.  Thus, the Court holds that

Koeller sufficiently pleaded a TCPA claim.

### ii.      Treble damages

Because Koeller sufficiently pleaded his TCPA claim, the Court next considers whether it

should dismiss Koeller's request for treble damages.  Under section 227(c)(5), a "court may, in

its discretion, increase the amount of the award to an amount equal to not more than 3 times the

amount available under subparagraph (B)," if "the court finds that the defendant willfully or

knowingly violated the regulations prescribed under this subsection."  Seemplicity claims that

Koeller insufficiently pleaded that Seemplicity willfully or knowingly violated

section 64.1200(c)(2) and that, as a result, the Court must dismiss Koeller's request for treble

damages.  Doc. 21 at 10–11.

The Supreme Court and Eighth Circuit have yet to address what "willfully or knowingly

violated the regulations" means.  47 U.S.C. § 227(c)(5).  "As with any question of statutory

interpretation, [the Court] begin[s] with the statute's plain language."  *Hodde v. Am. Bankers Ins.*

*Co. of Fla.*, 815 F.3d 1142, 1144 (8th Cir. 2016) (citing *Owner-Operator Indep. Drivers Ass'n,*

*Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011)).  The "most fundamental semantic rule

---

[1] The Court cites to page numbers as assigned by CM/ECF.

of interpretation" indicates that "[w]ords are to be understood in their ordinary, everyday meanings—unless the context indicates that they bear a technical sense." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 6 (2012).

Under the plain text of section 227(c)(5), two types of violations may entitle a plaintiff to damages amounting to three times the set statutory damages: knowing violations and willful violations. 47 C.F.R. § 227(c)(5) ("willfully or knowingly violated the regulations"); Scalia & Garner, *supra*, at § 12 ("*And* joins a conjunctive list, *or* a disjunctive list . . . ."); *Or*, Merriam-Webster, https://www.merriam-webster.com/dictionary/or (last visited Nov. 12, 2024) (defining "or" as a conjunction that is "used as a function word to indicate an alternative"). The Court therefore begins by considering the ordinary meaning of the adverbs "knowingly" and "willfully."

"[K]nowingly" ordinarily means "[i]n a knowing manner" or "with knowledge," i.e., "intelligently, consciously, intentionally, etc." *Knowingly*, Oxford English Dictionary (2d ed. 1989), oed.com/oedv2/00127603?tl=true (last visited Nov. 12, 2024). "[W]illfully," on the other hand, has several ordinary meanings: (1) "with good will, heartily; 'with a will'; (2) "[p]urposely," i.e., "on purpose, by design, intentionally, [or] deliberately"; and (3) "[i]n a self-willed manner," i.e., "perversely, obstinately, [or] stubbornly." *Wilfully*, Oxford English Dictionary (2d ed. 1989), oed.com/oedv2/00285525 (last visited Nov. 12, 2024). The context of section 227(c)(5) indicates that Congress used "willfully" as meaning purposely.

The Court next considers the grammatical context in which the adverbs "knowingly" and "willfully" appear. In section 227(c)(5), each of these adverbs modify the verb "violated" and its direct object, which in this case is section 64.1200(c)(2). The proper interpretation of section 227(c)(5) therefore turns on how a defendant knowingly "initiated any telephone solicitation to: . . . [a] residential telephone subscriber who has registered his or her telephone

7

number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government," and (2) how a defendant willfully did so.  47 C.F.R. § 64.1200(c)(2).

When read into section 64.1200(c)(2), "knowingly" and "willfully" modify a transitive verb—"initiated."  Ordinarily, a listener assumes that an adverb that modifies a transitive verb "tells the listener how the subject performed the entire action."  *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009).  For example, "if a bank official says, 'Smith knowingly transferred the funds to his brother's account,'" listeners "would normally understand the bank official's statement as telling [them] that Smith knew the account was his brother's."  *Id.*  That is because "once [knowingly] is understood to modify the object of [the] verb[], there is no reason to believe it does not extend to the phrase which limits that object."  *Id.* at 657 (Scalia, J., concurring in part and concurring in the judgment).

So too in the context of section 227(c)(5) and section 64.1200(c)(2).  There, a listener would ordinarily understand, for example, that knowingly "initiated any telephone solicitation to: . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry," 47 C.F.R. § 64.1200(c)(2), means that a person knew that he initiated a telephone solicitation and knew that he was calling a residential telephone subscriber who had registered his or her telephone number on the national do-not-call registry.

Thus, to have "knowingly violated" section 64.1200(c)(2), a person or entity must have known that he or it initiated a phone call and that the call was to a residential telephone subscriber who had registered his or her telephone number on the national do-not-call registry.  And to have "willfully violated" section 64.1200(c)(2), a person or entity must have purposely initiated a phone call to a residential telephone subscriber who had registered his or her telephone number on the national do-not-call registry.

8

Turning now to Koeller's well-pleaded factual allegations.  Koeller alleges that he received two calls from Seemplicity on March 14, 2024.  Doc. 15 at ¶ 21.  The first call appeared as "Spam Risk," *id.* at ¶ 23, but Koeller answered it and told Seemplicity's employee (Kevin) that he was "calling a personal number," *id.* at ¶¶ 25, 27.  Koeller, however, has not alleged any facts showing that Seemplicity knew that Koeller had registered his phone number on the national do-not-call registry.  Nor has Koeller alleged any facts showing that Seemplicity purposely called a residential telephone subscriber who had registered his number on the national do-not-call registry.  Thus, Koeller has not sufficiently pleaded a claim for treble damages, and the Court dismisses his treble-damages claim accordingly.

### iii.    Injunction

Finally, the Court considers whether it should dismiss Koeller's prayer for an injunction related to his TCPA claim.  Seemplicity argues that, under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss Koeller's request for an injunction because Koeller failed to plead sufficient facts to establish Article III standing.  Doc. 21 at 11–12.  In response, Koeller states that he "does not dispute dismissing any claims for injunctive relief at this stage." Doc. 24 at 10 n.1.  Accordingly, the Court dismisses Koeller's request for an injunction.

### C.    Missouri do-not-call list statute

Koeller also claims that Seemplicity violated the Missouri do-not-call list statute, Missouri Revised Statute § 407.1098.  Like the TCPA, section 407.1098 prohibits people and entities from "mak[ing] or caus[ing] to be made any telephone solicitation to any residential subscriber in [Missouri] who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations."  "Any person who has received more than one telephone solicitation within any twelve-month period by or on behalf of the same person or entity in violation of

9

section 407.1098" may "[b]ring an action to enjoin such violation," recover monetary damages for a knowing violation, or both.  Mo. Rev. Stat. § 407.1107.3(1)–(3).  For each knowing violation, the plaintiff may recover the greater of any actual monetary loss or $5,000.  Mo. Rev. Stat. § 407.1107.3(2).

Seemplicity moves to dismiss Koeller's Missouri do-not-call list claim, arguing that Koeller failed to plead sufficient facts to demonstrate that (1) the phone number is residential, (2) Koeller provided notice to the attorney general, and (3) Seemplicity knowingly violated section 407.1098.  Doc. 21 at 9–11.  Some but not all of these claims lack merit.

First and as found above in section III.B, Koeller sufficiently pleaded that his phone number is residential.  Doc. 15 at ¶ 15.  Second, Koeller sufficiently pleaded that he gave notice to the attorney general of Koeller's objection to receiving telephone solicitations by pleading that he listed his telephone number "on the Missouri No-Call List."  *Id.* at ¶ 19.

Finally, Simplicity correctly asserts that Koeller has not sufficiently pleaded that Seemplicity committed a knowing violation of section 407.1098.  Section 407.1107.3(2) uses the word "knowing" in its ordinary sense—i.e., "knows or has knowledge" or "has knowledge of truths or facts."  *Knowing*, Oxford English Dictionary (2d ed. 1989), oed.com/oedv2/00127602 (last visited Nov. 12, 2024).  Koeller, therefore, must have sufficiently pleaded that Seemplicity had knowledge of the fact that it was "mak[ing] or caus[ing] to be made any telephone solicitation to any residential subscriber in [Missouri] who ha[d] given notice to the attorney general."  Mo. Rev. Stat. § 407.1098.  Similar to above, Koeller did not plead any facts showing that Seemplicity knew that it was calling someone who had listed his phone on the Missouri do-not-call registry.  Accordingly, the Court finds that Koeller has not sufficiently pleaded that Seemplicity committed a knowing violation of section 407.1098.

As a result, Koeller may bring an action only to enjoin a violation of section 407.1098. Mo. Rev. Stat. § 407.1107.3(1)–(3).  But Koeller, in his response to Seemplicity's motion to dismiss Koeller's request for an injunction, has stated that he "does not dispute dismissing any claims for injunctive relief at this stage."  Doc. 24 at 10 n.1.

Because Koeller has not sufficiently pleaded a knowing violation of section 407.1098 and has agreed to dismiss his claim for injunctive relief, the Court dismisses Koeller's Missouri do-not-call list claim.

## IV.    Conclusion

For the reasons explained above, the Court denies in part and grants in part Seemplicity's [20] Renewed Motion to Dismiss Plaintiff's First Amended Class Action Complaint. Accordingly, the Court dismisses Koeller's requests for injunctive relief.

So ordered this 12th day of November 2024.


_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE